## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION

| | | |
|---|---|---|
| **CHRYSO, INC.** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION FILE NO.: 5:15-CV-115-BR** |
| | ) | |
| **v.** | ) | |
| | ) | |
| | ) | |
| **INNOVATIVE CONCRETE** | ) | |
| **SOLUTIONS OF THE CAROLINAS,** | ) | |
| **LLC, CAROLINAS CONCRETE** | ) | |
| **SOLUTIONS, INC., DANIEL** | ) | |
| **MATTHEWS, and BRIAN** | ) | |
| **MATTHEWS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## STIPULATED PROTECTIVE ORDER
## REGARDING CONFIDENTIAL INFORMATION

It is hereby stipulated and agreed by and between counsel for the parties hereto, Plaintiff

Chryso, Inc. ("Chryso") and Defendants Innovative Concrete Solutions of the Carolinas, LLC

("ICSC"), Carolinas Concrete Solutions, Inc. ("CCS"), Daniel Matthews, and Brian Matthews

(collectively "Defendants"), and ordered by the Court pursuant to Fed. R. Civ. P. 26(c) that the

following terms and conditions shall govern the handling of any and all documents and things

(including all copies, excerpts, and summaries thereof), computer-generated data, information in

computers and on computer disks, deposition testimony, interrogatory responses, exhibits, and

any information otherwise produced, obtained, or disclosed by the parties in discovery, pretrial

proceedings, trial, and post-trial proceedings in this litigation, including all information

contained therein or derived therefrom (hereinafter, the "Produced Material") as follows:

1. Pursuant to this Order, any person or entity, whether or not a party to this action, may designate as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" any material that party produces in this action. All such designated material, all copies, excerpts and summaries thereof, and all information contained therein or derived therefrom shall hereinafter be referred to as "Confidential Material."

   a) CONFIDENTIAL: A producing party may designate as "CONFIDENTIAL" those materials which the producing party believes in good faith constitute or contain confidential, proprietary, commercially sensitive and/or trade secret information, which information is not generally known and which the producing party would normally not reveal to a third party competitor or if disclosed would require such third party competitor to maintain the information in confidence.

   b) ATTORNEYS' EYES ONLY: A producing party may designate as "ATTORNEYS' EYES ONLY" any "CONFIDENTIAL" information which that party reasonably and in good faith believes is so highly sensitive that the protections afforded to "CONFIDENTIAL" information are not sufficient.

2. The designation of Produced Material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" is not a concession, admission, or representation by either the producing or receiving party that such material, or any information contained therein, is in fact a trade secret or confidential information under applicable law. Furthermore, the designation of Produced Material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" may not be used against either party in any proceeding and is made solely for the purposes of maintaining the confidentiality of such material, to the extent necessary for purposes of this litigation.

[2]

3. Any designation of confidentiality pursuant to this Order shall be accomplished by employing the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" as follows:

   a) in the case of documents, the legend shall be placed on or attached to each page of the document prior to its production (or in the case of materials produced in this matter before the effective date of this Order, within five (5) business days of the Court's entry of this Order);

   b) in the case of things, the legend shall be placed on or attached to the things;

   c) in the case of information incorporated in answers to interrogatories, the legend shall be placed on the designated pages of the interrogatory answers;

   d) in the case of depositions, designations of the portions of the deposition transcript (including exhibits) shall be made as follows:

      i. by a statement to such effect on the record during the deposition, or

      ii. by the designating party in writing within the period given to make corrections to the deposition transcript.

All properly designated portions of deposition transcripts (including exhibits) shall be treated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, and access to any portion thereof shall be limited to those persons set forth in paragraphs 5 and 6 below until the expiration of the period for "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designations to be made as prescribed in subsection (ii) of this paragraph, except that deposition transcripts may be used in any hearing before the expiration of the period for making designations unless that portion is separately designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" prior to the hearing.

[3]

As to any portions of the deposition transcript and exhibits so designated, the designating party shall list on a separate piece of paper the specific page and line number of the transcript containing Confidential Material and shall furnish a copy of the list to the non-designating party. The parties shall direct the reporter attending each deposition to place the following legend in bold type on the covers of all deposition transcripts: NOTICE: This deposition is subject to an Agreed Protective Order and may contain CONFIDENTIAL or ATTORNEYS' EYES ONLY testimony and/or exhibits.

Whenever Confidential Material is to be discussed or disclosed in a deposition, the designating party for such Confidential Material shall have the right to require the exclusion from the room of any person who is not entitled to access to such Confidential Material.

4. Except as otherwise provided in this Order, all Confidential Material and all copies, excerpts and summaries thereof and all material containing information derived therefrom, shall be used solely for purposes of this litigation and shall not be used for any other purposes, including, without limitation, any business, commercial or competitive purpose.

5. Confidential Material designated as "CONFIDENTIAL" may be disclosed, summarized, described, revealed or otherwise made available, in whole or in part, only in accordance with the terms of this Order and only to the following persons:

   a) the parties, including inside counsel, directors, officers and employees of the parties, but solely for the purpose of assisting counsel in the conduct of this litigation;

[4]

b) outside litigation counsel of record for the parties in this action, and regular and temporary employees of such counsel to the extent necessary to assist counsel in the conduct of this litigation;

c) any consultant or expert (including both testifying experts and consulting experts) retained or consulted by any party for the purpose of testifying or rendering assistance or providing opinions in this action, including, but not limited to, independent experts and consultants, but only to the extent necessary to assist counsel in the conduct of this litigation;

d) any former employee of a party or any other person who is participating in the litigation as a deponent, witness or potential witness, where during the course of deposition testimony or at trial, counsel reasonably and in good faith believes that examination with respect to the Confidential Material is necessary for legitimate discovery or trial purposes;

e) the Court and its employees;

f) any mediator engaged in this matter;

g) members of the jury;

h) Court reporters and videographers;

i) Vendors involved in copying, organizing, converting, storing, or retrieving Confidential Material; and

j) Any other persons agreed to in writing by outside counsel for the parties or as otherwise ordered by the Court.

[5]

6. Confidential Material designated as "ATTORNEYS' EYES ONLY" may be disclosed, summarized, described, revealed or otherwise made available, in whole or in part, only in accordance with the terms of this Order as follows:

   a) outside litigation counsel of record for the parties in this action, as well as a party's inside counsel if any exist;

   b) any consultant or expert (including both testifying experts and consulting experts) retained or consulted by any party for the purpose of testifying or rendering assistance or providing opinions in this action if such expert or consultant is independent and not an employee of the parties, but only to the extent necessary to assist counsel in the conduct of this litigation;

   c) any person for whom it appears on the face of the Confidential Material or from other documents or testimony that the witness authored the Confidential Material without the use of the other parties' confidential or trade secret information, prior to and apart from this litigation, subject to the limitations outlined in 9(d) and 10(f);

   d) the Court and its employees;

   e) any mediator engaged in this matter;

   f) members of the jury;

   g) Court reporters and videographers;

   h) Vendors involved in copying, organizing, converting, storing, or retrieving Confidential Material; and

   i) Any other persons agreed to in writing by outside counsel for the parties or as otherwise ordered by the Court.

[6]

7. Confidential Material used in pleadings shall be filed with the Court under seal pursuant to Local Rule 79.2. In accordance with LR 79.2 and Section T of the CM/ECF Policy Manual, any motion to seal must specify:

   a) the exact document or item, or portions thereof, for which filing under seal is requested;

   b) how such request to seal overcomes the common law or the First Amendment presumption to access;

   c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interest in access;

   d) the reasons why alternatives to sealing are inadequate; and

   e) whether there is consent to the motion.

8. This Order has no effect upon, and shall not apply to (i) any producing party's use of its own Confidential Material for any purpose or (ii) any person's use of documents or other information properly obtained or developed independently of discovery in this action.

9. Every person to whom Confidential Material or information contained therein is to be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part in accordance with the terms of this Order shall first be advised that the material or information is being disclosed pursuant and subject to the terms of this Order, and

   a) with respect to those persons encompassed by paragraphs 5(a) and (b) above, obtain that person's oral agreement that he or she understands and will comply with the terms of this Order;

[7]

b) with respect to those persons encompassed by paragraphs 5(c) and (d), require that such person agrees to abide by the terms of this Order by signing the certification attached hereto that he or she understands and will comply with the terms of this Order. Counsel for the party procuring any certification shall keep copies of such certifications.

c) with respect to the person designated by a party to view Confidential Material designated as "ATTORNEYS' EYES ONLY" under paragraph 6(b), require that such person agrees to abide by the terms of this Order by signing a certification that he or she understands and will comply with the terms of this Order. Counsel for the party procuring any certification shall keep copies of such certifications.

d) with respect to those persons encompassed by 6(c), in making the determination of whether those persons authored the Confidential Material without the use of confidential or trade secret information, prior to and apart from this litigation, counsel may disclose the filenames of the documents but may not disclose the Confidential Material itself. Opposing counsel must be notified in writing prior to any disclosure made pursuant to 6(c).

10. If the non-designating party objects to the designation of a document or information as Confidential Material, the non-designating party shall serve a written objection on the designating party.

a) Within ten (10) calendar days of receiving such objection, the parties will cooperate in good faith to come to an agreement as to whether the designation should be changed.

[8]

b) If, after good faith cooperation, the parties are unable to agree to the designation of the Confidential Material, the designating party may apply to the Court for protection within ten (10) calendar days of the impasse.

c) Failure to apply to the Court for protection within ten (10) calendar days of an impasse waives any claim that the Confidential Material is entitled to protection under North Carolina law.

d) The burden rests upon the designating party to demonstrate that the designation is proper. Until the Court enters an order changing the document's designation, the document shall be treated as Confidential Material as provided in this Order.

e) None of the parties to this action is obliged to challenge the designation of any Confidential Material at the time of receipt, disclosure, or designation thereof, and a failure to do so shall not preclude a subsequent challenge and shall not constitute a concession, admission, or representation that such material, or any information contained therein, is in fact a trade secret or confidential information under applicable law.

f) If a party objects to the designation of material as "ATTORNEYS' EYES ONLY" and desires to make a disclosure of the Confidential Material to persons encompassed by 6(c), the designating party will provide a list of filenames. The objecting party will designate the filenames that it claims were authored without the use of the designating party's confidential or trade secret information prior to and apart from this litigation. The parties will cooperate in good faith to come to an agreement as to whether the designated Confidential Material may then be disclosed to the person contemplated in 6(c). If, after good faith cooperation, the

[9]

parties are unable to agree to the disclosure of the Confidential Material, then the parties may seek intervention by the Court.

11. Inadvertent failure to designate any material that a producing party claims should be Confidential Material will not be deemed as a waiver of the right to make that designation. The party to whom such inadvertent disclosure is made shall, upon written request by the producing party, thereafter treat such material as Confidential Material in accordance with this Order. Upon receipt of such written notice, the party who received the previously undesignated Confidential Material shall make reasonable efforts to prevent further use or disclosure of the information contained in the previously undesignated Confidential Material by persons other than those authorized in accordance with paragraphs 5 and 6 hereof for access to such information.

12. In the event of inadvertent disclosure of any Confidential Material to a person not authorized to access such material in accordance with paragraph 5 or 6 of this Order, the party responsible for having made, and any party with knowledge of, such disclosure shall immediately inform counsel for the party whose Confidential Material has been inadvertently disclosed of all known relevant information concerning the nature and circumstances of the disclosure. The responsible party also shall promptly take all reasonable measures (i) to ensure that no further or greater unauthorized disclosure or use of such information or materials is made and (ii) to retrieve the material from the person or persons not authorized to receive such material and inform that person of this Order. Each party shall cooperate in good faith in that effort.

13. Nothing shall prevent disclosure beyond the terms of this Order if the party designating the Confidential Material expressly consents to such disclosure in a particular instance,

[10]

either in writing or on the record of any proceeding in this action, or if the Court, following notice to all parties, orders such disclosure.

14. On good cause shown, the Court may amend or modify any of the tenets of this Order so as to further the ends of justice or to resolve any problems which may arise stemming from or relating to this Order. The parties by stipulation may provide for exceptions to this Order. The existence of this Order shall not be used as a basis to compel the disclosure of information. Nor shall the existence of this Order be used as a basis to prevent another party from seeking greater protection than the protection provided by this Order.

15. The provisions of this Order shall continue to be binding throughout and after the conclusion of this action and shall not terminate at the conclusion of this action.

16. Within fifteen (15) calendar days after receiving notice of the final disposition of this action, all parties and persons bound by this Order shall return all Confidential Material designated as "ATTORNEYS' EYES ONLY", including all copies thereof and information stored in computers and on computer disks, computer extracts, computer entries, notes, memoranda, and other papers containing information therefrom, to the Producing Party, and either (a) return all Confidential Material designated as "CONFIDENTIAL", including all copies thereof and information stored in computers and on computer disks, computer extracts, computer entries, notes, memoranda, and other papers containing information therefrom, upon written request by the Producing Party; or (b) certify that all Confidential Material designated as "CONFIDENTIAL" in their possession has been destroyed. However, outside counsel for the parties shall be entitled to retain their respective litigation files, including all court papers, deposition transcripts,

trial transcripts, exhibits used in affidavits, exhibits used at depositions, exhibits used at trial, and all attorney work product containing, quoting, discussing or analyzing Confidential Material designated as "CONFIDENTIAL", provided that such counsel, and the employees of such counsel, shall not disclose such transcripts, exhibits or attorney work product to any person except as provided in this Order. The Confidential Materials designated as "CONFIDENTIAL" kept by counsel pursuant to this paragraph shall be maintained in accordance with the terms of this Order. "Final disposition of this action," as used above, means after all appeal periods have expired or after the execution of a settlement agreement among the parties and the filing of pleadings necessary to finally dispose of all claims in this action.

17. Pursuant to this stipulation between the parties, the provisions of this Order shall be deemed binding on the parties upon their execution of this document in order to facilitate the exchange of Confidential Material before this Order has been signed and entered.

Dated:  June 29, 2015

_____

Robert T. Numbers, II
United States Magistrate Judge

[12]

**STIPULATED AND AGREED:**

**OWEN, GLEATON, EGAN,**
**JONES & SWEENEY, LLP**
1180 Peachtree Street, NE, Suite 3000
Atlanta, GA 30309
Telephone: (404) 688-2600

By: */s/ David L. Pardue_____*
DAVID L. PARDUE
Georgia State Bar No. 561217
JOSHUA MYLES
Georgia State Bar No. 726640
***Counsel for Plaintiff Chryso, Inc.***

On: June 1, 2015

**Morningstar Law Group**
630 Davis Drive
Suite 200
Morrisville, NC 27560
Telephone:  (919) 590-0370

By: */s/ Amie Flowers Carmack_____*
AMIE FLOWERS CARMACK
North Carolina State Bar No. 21970
***Attorney for Plaintiff Chryso, Inc.***
***Local Civil Rule 83.1 Counsel***

On: June 1, 2015

**NEXSEN PRUET, PLLC**
Carillon Building
227 West Trade Street, Suite1550
Charlotte, NC 28202

By: */s/ Christopher C.  Lam_____*
C. GRAINGER PIERCE, JR.
North Carolina State Bar No. 27305
CHRISTOPHER C. LAM
North Carolina State Bar No. 28627
***Counsel for Defendants***

On: June 1, 2015

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### WESTERN DIVISION
### CIVIL ACTION FILE NO.: 5:15-CV-115-BR

| | |
|---|---|
| CHRYSO, INC. | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| | ) |
| INNOVATIVE CONCRETE | ) |
| SOLUTIONS OF THE CAROLINAS, | ) |
| LLC, CAROLINAS CONCRETE | ) |
| SOLUTIONS, INC., DANIEL | ) |
| MATTHEWS, and BRIAN | ) |
| MATTHEWS, | ) |
| | ) |
|    Defendants. | ) |

## CERTIFICATION OF COMPLIANCE

I hereby certify my understanding that access to Confidential Material is provided to me pursuant to the terms and restrictions of the Protective Order in these proceedings. I also certify that I have read the Protective Order and agree to be fully bound by it. I understand that the contents of Confidential Material, as that term is defined in the Protective Order, and any notes, memoranda or any other form of information that copies or discloses Confidential Material, shall not be disclosed to anyone other than in accordance with the Protective Order and shall be used by me only in connection with this action as permitted by the Protective Order.

I acknowledge that any violation of my obligations under the Protective Order or this Certification of Compliance shall constitute a violation of an order of a Presiding United States District Court Judge.

[SIGNATURE ON FOLLOWING PAGE]

[14]

Signature: _____          Date:_____


Name: _____          Title: _____

[15]