IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO: 5:15-CV-115-BR

| CHRYSO, INC., | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | ORDER |
| INNOVATIVE CONCRETE SOLUTIONS OF THE CAROLINAS, LLC, CAROLINAS CONCRETE SOLUTIONS, INC., DANIEL MATTHEWS, and BRIAN MATTHEWS, | ) | |
| Defendants. | ) | |

This matter is before the court on plaintiff Chryso, Inc's ("Chryso") motion for a preliminary injunction. (DE # 17.)

By way of background, on 20 March 2015, Chryso initiated this action against its former employee, Daniel Matthews ("Danny"); its former sales representative/independent contractor and Danny's son, Brian Matthews ("Brian"); Innovative Concrete Solutions of the Carolinas, LLC, a business incorporated by Brian and of which he and Danny are officers and directors; and Carolinas Concrete Solutions, Inc., a corporation through which Danny previously sold products and which employs (or employed) Brian and Danny. In short, Chryso contends that

> Danny [], acting in concert with the other Defendants, resigned from Chryso along with Brian [], refused to return his company computer, copied countless Confidential and Trade Secret files onto external storage devices, and then deleted the information from his Chryso computer. Armed with a trove of Chryso's confidential information and trade secrets, the Defendants are now competing directly with Chryso, and as a result Chryso's sales for the region at issue have dropped nearly 85% as compared to the same month during the previous year.

(Pl. Mem. Supp. Mot. Exped. Disc., DE # 20, at 2.)

In its verified complaint, Chryso alleges that Danny violated the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(5)(C); engaged in computer trespass in violation of N.C. Gen. Stat. § 14-458; breached the non-compete, non-solicitation, and non-disclosure provisions of his employment agreement with Chryso; and breached fiduciary duties owed to Chryso. It further alleges that all defendants have misappropriated Chryso's trade secrets in violation of North Carolina's Trade Secrets Protection Act, N.C. Gen. Stat. § 66-152, *et seq.*; engaged in unfair competition in violation of North Carolina's Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1, *et seq.*; converted Chryso's trade secrets for their use; engaged in a conspiracy; and tortuously interfered with Chryso's prospective business relations. Chryso further alleges that Brian, ICSC, and CCS aided and abetted Danny's breach of fiduciary duties and tortuously interfered with Danny's employment contract with Chryso. It seeks compensatory and punitive damages, preliminary and permanent injunctive relief, and attorneys' fees and costs.

On 27 March 2015, Chryso filed the instant motion. By way of the instant motion, Chryso requests that defendants be prohibited from using Chryso's trade secrets and confidential information and from competing unfairly with Chryso; be required to return to Chryso its trade secrets and confidential information and to produce certain electronic storage devices; and that Danny be prohibited from selling admixtures to certain regional customers of Chryso. On 1 April 2015, Chryso filed a motion for expedited discovery "to obtain evidence to bolster [its] motion [for preliminary injunction] and also to determine the proper scope of the requested preliminary injunction." (DE # 19, at 3.) According to Chryso, it is important "to conduct that discovery prior to the hearing on its preliminary injunction motion." (Id. at 3-4; see also Pl.

Mem. Supp. Mot. Exped. Disc., DE # 20, at 3 ("The expedited discovery that Chryso seeks is necessary for the Court and the parties to obtain relevant evidence prior to the preliminary injunction hearing . . . .").) On 30 June 2015, U.S. Magistrate Judge Robert T. Numbers, II granted in part and denied in part Chryso's motion for expedited discovery. (DE # 38.)

Because Chryso is being allowed to obtain expeditiously some additional evidence in support of its motion for preliminary injunction, the court concludes that it is prudent to deny Chryso's motion without prejudice to its refiling once it obtains any such evidence. This conclusion is bolstered by the fact that the court is not required to hold a hearing on the motion for preliminary injunction, Fed. R. Civ. P. 65(a), 78(b); Local Civil Rule 7.1(i), and in fairness to Chryso, the only way it may be able to get the additional evidence before this court is through the filing of additional briefs. Rather than order supplemental briefing, it is more efficient to deny the motion without prejudice and permit Chryso to refile the motion with the benefit of additional evidence and revised briefing. Of course, if Chryso determines that additional evidence need not be submitted to the court, it can summarily renew the instant motion.

Accordingly, Chryso's motion for preliminary injunction is DENIED WITHOUT PREJUDICE.

This 1 July 2015.

_____
W. Earl Britt
Senior U.S. District Judge